Merrimack, }
Jan. 4, 1927. }

## WILLIAM WILSON v. GEORGE R. TAYLOR COAL CO.

In case by a servant against his master for injuries received from the breaking of a wooden railing on which the servant was standing while at work, evidence that the foreman and other workmen used the railing in the same way to the plaintiff's knowledge and that a rule forbidding such use had never been brought to his notice warranted a submission to the jury of the issues as to defendant's negligence, plaintiff's assumption of the risk and his due care.

CASE, for negligence. Trial by jury and verdict for the plaintiff. A bill of exceptions was allowed by *Branch*, C. J., to the denial of motions for a nonsuit and directed verdict. The action is at common law. The facts are stated in the opinion.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Doyle & Doyle (Mr. Paul J. Doyle* orally), for the defendant.

PEASLEE, C. J. The plaintiff was injured by a fall, which was caused by the breaking of a spruce railing upon which he was standing, while at work unloading coal cars in the defendant's coal sheds. The railing was two by five inches, and of sufficient size to sustain his weight, if straight grained. It had knots in it which made it unsuitable for this use and because of which it broke. This condition could have been discovered upon an inspection, but was not apparent without one.

The defendant claimed to have a rule forbidding workmen to stand on the railing; but there was evidence that the plaintiff never heard of the rule, that he was given no instructions upon the subject, and that other workmen, and also the foreman, used the railing in this way, to the plaintiff's knowledge.

The defendant's claim at the trial that it had a rule was an admission from which it could be found that a rule was reasonably required. *Lane* v. *Manchester Mills*, 75 N. H. 102. Taken in connection with the evidence of non-communication to the plaintiff, and of the practice which was carried on by the foreman and the other workmen, it made a case for the jury. It could be found from this evidence alone that the defendant failed to perform the duty owed to the plaintiff, that the plaintiff did not assume the risk, and that his negligence was not proved.

*Exceptions overruled.*

BRANCH, J., did not sit: the others concurred.